# EXHIBIT A

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Enterprise Holdings, Inc., a Missouri corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Steve Kramer, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):  San Francisco Superior Court<br><br>400 McAllister Street<br><br>San Francisco, California 94102 | CASE NUMBER:<br>(Número del Caso):<br>CGC - 19-572538 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael R. Reese, Reese LLP, 100 West 93rd Street, 16th Floor, New York, NY 10025, (212) 643-0500

| | | | |
|---|---|---|---|
| DATE: 1/3/2019<br>(Fecha)   JAN 03 2019 | DEPUTY CLERK | Clerk, by<br>(Secretario) BOWMAN LRI | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010),).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
               ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
               ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
               ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* Michael R. Reese (State Bar No. 206773) Reese LLP 100 West 93rd Street, 16th Floor New York, New York 10025 | FOR COURT USE ONLY FILED Superior Court of California County of San Francisco JAN 03 2019 CLERK OF THE COURT BY: BOWMAN LIU Deputy Clerk |
|---|---|
| TELEPHONE NO.: (212) 643-0500   FAX NO.: (212) 253-4272 | |
| ATTORNEY FOR *(Name):* Plaintiff Steve Kramer and the proposed class | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civil Division

CASE NAME:
Kramer v. Enterprise Holdings, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC - 19-572550 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/3/2019

Michael R. Reese
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

By Fax

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or. toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

1 | Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
2 | George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
3 | **REESE LLP**
100 West 93rd Street, 16th Floor
4 | New York, New York 10025
Telephone: (212) 643-0500
5 | Facsimile: (212) 253-4272

6 | David A. Carroll
*dcarroll@rrsc-law.com*
7 | Anthony J. DiRaimondo
*adiraimondo@rrsc-law.com*
8 | Robert E. Opdyke
*ropdyke@rrsc-law.com*
9 | **RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
10 | Las Vegas, Nevada 89169
Telephone: (702) 732-9099
11 | Facsimile: (702) 732-7110

12 | *Counsel for Plaintiff Steve Kramer*
*and the Proposed Class*
13 |

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JAN 09 2019

CLERK OF THE COURT
BOWMAN LIU
BY: _____ Deputy Clerk

14 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

15 | **FOR THE COUNTY OF SAN FRANCISCO**

16 |

STEVE KRAMER, *individually and on*
17 | *behalf of all others similarly situated,*

18 | Plaintiff,

19 | v.

20 | ENTERPRISE HOLDINGS, INC., *a*
*Missouri corporation,*

21 |

22 | Defendant.

Case No. CGC - 19 - 572530

**CLASS ACTION COMPLAINT**

1. Violation of CAL. CONST. art. I, § 1
2. Violation of California's Rental
Passenger Vehicle Transactions Law, CAL.
CIV. CODE § 1939.01 *et seq.*

**DEMAND FOR JURY TRIAL**

23 |
24 |
25 |
26 |
27 |
28 |

By Fax

1    Plaintiff Steve Kramer ("Plaintiff"), individually and on behalf of all others similarly
2  situated (the "Class," as defined below), by and through his undersigned counsel, brings this Class
3  Action Complaint against Defendant Enterprise Holdings, Inc. ("Defendant" or "Enterprise"), and
4  respectfully alleges as follows. Plaintiff bases the allegations herein on personal knowledge as to
5  matters related to, and known to, Plaintiff. As to all other matters, Plaintiff bases the allegations
6  herein on information and belief, through investigation of Plaintiff's counsel. Plaintiff believes
7  substantial evidentiary support exists for the allegations set forth herein, and he seeks a reasonable
8  opportunity for discovery.

9                          **NATURE OF THE ACTION**

10    1.    This is a proposed class action against Defendant for failing to promulgate or
11  maintain adequate policies and procedures to safeguard the "Private Data" (defined below) of
12  consumers, including Plaintiff and the Class members, who rented vehicles on a short-term basis
13  from Enterprise Rent-A-Car, National Car Rental, and Alamo Rent A Car and who paired their
14  smartphones or mobile devices (collectively, the "Devices") with the vehicles' GPS technology
15  and/or automotive infotainment systems[1] (collectively, the "Rental Technology") during the
16  period from January 3, 2016, to the present.

17    2.    When a consumer pairs their Device with the Rental Technology, the Rental
18  Technology has the capability to collect private and sensitive personal information/data on the
19  Device and store it on the Rental Technology.

20    3.    The private and sensitive personal information/data subject to collection and
21  storage by the Rental Technology includes, but is not limited to:

22         •    GPS history of past locations and points of interest;
23         •    Device name / phone identifier;
24         •    Personal information (including home address, if available);
25         •    Contacts and address book;

26  _____

27  [1] "Infotainment system" refers to hardware and software in a vehicle that provides a combination of entertainment, communications, and information content to the driver or passengers. Most infotainment systems are now controlled via a touch-sensitive display in the screen of the
28  dashboard.

- Calendar entries;
- Internet search history and web browsing data;
- Call log or text/data messages if the consumer uses hands-free calling or texting;
- Other personal communications including email and social networking communications;
- Application log-in information, including music streaming log-in (such as Spotify or Pandora);
- Choice of music, radio, and other streamed audio or video content; and/or
- Wi-Fi identifiers (such as mac address, DNS data, and leases such as DHCP)

(collectively, the "Private Data").

4.   Despite performing other routine maintenance to short-term rental vehicles when consumers return them to Enterprise (e.g., refueling, vacuuming, and washing), Enterprise has refused to conduct routine data clearing/deletion of Private Data from the Rental Technology.

5.   As a result, when a consumer returns a rental vehicle to Defendant at the conclusion of a short-term rental, the returned vehicle is placed back into rental circulation with the consumer's Private Data accessible to, and available for misuse by, subsequent users of the vehicle.

6.   Additionally, Defendant has failed to make adequate disclosures to consumers including Plaintiff and the Class members that the Rental Technology featured in its short-term rental vehicles will collect and indefinitely store the Private Data from their Devices.

7.   Plaintiff now brings this action individually and on behalf of the Class members to stop Defendant's unlawful practices, seeking injunctive and monetary relief and such additional relief as the Court may deem just and proper.

### PARTIES

**Plaintiff Steve Kramer**

8.   Plaintiff Steve Kramer is a resident of San Diego, California, and he has no intention of changing his residence.

3

CLASS ACTION COMPLAINT

9.    On or about June 2, 2017, Mr. Kramer obtained a short-term rental vehicle from National Car Rental in San Francisco.

10.    During the rental period, Mr. Kramer paired his smartphone Device with the vehicle's Rental Technology.

11.    Because Mr. Kramer paired his Device with the Rental Technology, the Rental Technology collected and stored Mr. Kramer's Private Data.

12.    On information and belief, Defendant did not delete Mr. Kramer's Private Data from the Rental Technology when Mr. Kramer returned the rental vehicle to Defendant at the conclusion of the rental period.

13.    On information and belief, Defendant to this day has not yet deleted Mr. Kramer's Private Data from the Rental Technology on the vehicle Mr. Kramer rented from Defendant.

**Defendant Enterprise Holdings, Inc.**

14.    Enterprise Holdings, Inc., is corporation organized under the laws of Missouri.

15.    Enterprise Holdings, Inc.'s principal place of business is located at 600 Corporate Park Drive, Saint Louis, Missouri 63105.

16.    Enterprise Holdings, Inc., is the parent company of the car rental companies Enterprise Rent-A-Car, National Car Rental, and Alamo Rent A Car.

17.    Defendant regularly transacts business in the State of California, including by marketing, distributing, and delivering short-term rental vehicles and related services to consumers, including California residents.

**JURISDICTION AND VENUE**

**Jurisdiction**

18.    This Court has personal jurisdiction over Defendant for reasons including but not limited to the following: Plaintiff's claims against Defendant arise out of its conduct within the State of California, including but not limited to renting a short-term rental vehicle to Plaintiff and failing to delete Plaintiff's Private Data from the vehicle's Rental Technology. Furthermore, Defendant purposefully avails itself of the privilege of conducting business activities within the territorial boundaries of the State of California, including by marketing, distributing, and

4

1  delivering short-term rental vehicles and related services to consumers, including California
2  residents, thus invoking the benefits and protections of the laws of California, and such activities
3  render it foreseeable that Defendant may be haled into court in this jurisdiction. Thus, Defendant
4  has sufficient minimum contacts with the State of California that maintenance of this action in this
5  Court does not offend traditional notions of fair play and substantial justice.

6      **Venue**

7      19.    Venue is proper in the County of San Francisco, California, as the actions and
8  harms alleged herein occurred, in part, in the County of San Francisco.

9              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10      20.    Defendant's rental car companies, Enterprise Rent-A-Car, Alamo Rent A Car, and
11  National Car Rental, are leading companies in the rental car industry, which in the United States
12  alone grossed $28.63 billion in revenue during 2017.

13      21.    Defendant's short-term rental vehicles include Rental Technology (i.e., GPS
14  technology and/or automotive infotainment systems), which is available for use by the consumer.

15      22.    Defendant's Rental Technology has the capability to electronically connect, sync,
16  or "pair" with the consumer's Device, which gives the consumer access to various telephone, data,
17  and multimedia functions of the Rental Technology, including voice dialing, text/data messaging,
18  location-based services, social media, and music streaming.

19      23.    The pairing process is generally facilitated through USB cables and/or Bluetooth
20  technologies.

21      24.    Once paired with the Rental Technology, the consumer's Device connects with the
22  Rental Technology every time it enters the vehicle.

23      25.    Once a consumer's Device is paired with the vehicle's Rental Technology, calls
24  can be automatically transferred between the Device and the vehicle seamlessly, downloading or
25  uploading preferences, contacts, calendar data, and other content from the Device.

26      26.    Furthermore, once a consumer's Device is paired with the Rental Technology,
27  voice commands can be used to make calls, play music, and operate the Rental Technology in
28  other ways.

27.     As a result of the pairing between the consumer's Device and the Rental Technology, Private Data available on the consumer's Device is collected by, copied to, and/or transferred to the Rental Technology.

28.     Following its collection, the Private Data is continuously stored on the Rental Technology unless purged through a manual deletion (often referred to as a "factory reset").

29.     Defendant has either (a) failed to provide explicit notice/disclosure to consumers, including Plaintiff and the Class members, advising them about the collection and indefinite storage of their Private Data by the Rental Technology in its short-term rental vehicles; or (b) provided consumers, including Plaintiff and the Class members, with inadequate notice/disclosure, including through unclear warnings or buried "small print" terms.

30.     Furthermore, Defendant has failed to promulgate or otherwise maintain responsible policies and procedures associated with the Rental Technology's collection and storage of Private Data from the Devices of short-term rental vehicle users, including Plaintiff and the Class members.

31.     Specifically, Defendant's policies and procedures do not include, or previously did not include, mandatory routine data clearing/deletion of Private Data from the Rental Technology upon the consumer returning the short-term rental vehicle at the conclusion of the rental term.

32.     Defendant's failure to perform such routine maintenance that would protect the consumer's Private Data is inconsistent with Defendant's other policies and procedures providing for routine physical maintenance (e.g., refueling, vacuuming, and washing) upon a consumer's return of the short-term rental vehicle at the conclusion of the rental term.

33.     Defendant has taken the position that it is solely the consumer's responsibility to ensure removal of their Private Data from the Rental Technology pursuant to the system options available in each vehicle.

34.     As a result, the short-term rental vehicle is returned into circulation with the consumer's Private Data exposed and available for misuse by subsequent users of the vehicle, including, for example, identity thieves.

35.     There are substantial privacy risks associated with allowing a consumer's Private

1   Data to remain on the Rental Technology after the consumer has returned the short-term rental

2   vehicle to Defendant at the conclusion of the rental period.

3       36.     For example, using just a phone identifier, it is possible to link a rental vehicle

4   user's Private Data to other information held regarding the user such as their social media account.

5   Letter from ANCE et al. to Enterprise Rent-A-Car, Alamo Rent A Car, and National Car Rental

6   (Dec. 6, 2017), *available at* https://goo.gl/sPWPRL. In Baltimore, a car owner tracked down

7   teenagers who took his car for a joy ride using the phone device names that had been paired with

8   the owners' Jeep's Connect system, together with searching Instagram. *Id.*

9                           **CLASS ACTION ALLEGATIONS**

10      37.     Pursuant to section 382 of the California Code of Civil Procedure, Plaintiff brings

11  this action on behalf of himself and the following proposed class:

12          **The Class.** (1) All California residents who, during the period from January 3,
            2016, until the date of class certification, rented a vehicle from Enterprise Rent-A-
13          Car, National Car Rental, or Alamo Rent A Car on a short-term basis and who
            paired their Devices with the vehicle's Rental Technology, and (2) all residents of
14          states other than California who, during the period from January 3, 2016, until the
            date of class certification, rented a vehicle within the State of California from
15          Enterprise Rent-A-Car, National Car Rental, or Alamo Rent A Car on a short-term
            basis and who paired their Devices with the vehicle's Rental Technology.
16
            Excluded from the Class are: (a) Defendant, Defendant's board members,
17          executive-level officers, and attorneys, and immediately family members of any of
            the foregoing persons; (b) governmental entities; (c) the Court, the Court's
18          immediate family, and the Court staff; and (d) any person that timely and properly
            excludes himself or herself from the Class in accordance with Court-approved
19          procedures.

20      38.     Plaintiff reserves the right to alter the Class definition as he deems necessary at any

21  time to the full extent that applicable law allows.

22      39.     Certification of Plaintiff's claims for class-wide treatment is appropriate because

23  Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as

24  individual Class members would use to prove those elements in individual actions alleging the

25  same claims.

26      40.     Numerosity. The size of the Class is so large that joinder of all Class members is

27  impracticable. Due to the nature of Defendant's business, Plaintiff believes there are at least

28  thousands of Class members geographically dispersed throughout California.

1    41.    Well-Defined Community of Interest. As further alleged below, there is a well-
2  defined community of interest with respect to the Class, since there are (1) predominant common
3  questions of law or fact; (2) a Class representative with claims or defenses typical of the Class;
4  and (3) a Class representative who can adequately represent the Class.

5    42.    Existence and Predominance of Common Questions of Law and Fact. There are
6  questions of law and fact common to the Class. These questions predominate over any questions
7  affecting only individual Class members.

8    43.    Questions of law and fact common to the Class members that predominate over
9  questions that may affect individual Class members include but are not limited to:

10         a.    whether Defendant adequately disclosed to Plaintiff and the Class members
                 that the Rental Technology would collect and indefinitely store their Private
11               Data;

12         b.    whether Defendant adequately disclosed to Plaintiff and the Class members
                 that Defendant would not delete their Private Data from the Rental
13               Technology after they had returned their rental vehicles to Defendant;

14         c.    whether Defendant injured Plaintiff and the Class members by failing to
                 delete their Private Data from the Rental Technology after Plaintiff and the
15               Class members had returned their rental vehicles to Defendant;

16         d.    whether Plaintiff and the Class members are entitled to any form of
                 monetary relief; and
17
           e.    whether Plaintiff and the Class members are entitled to any form of
18               equitable relief, including but not limited to injunctive relief and equitable
                 monetary relief.
19

20    44.    Defendant engaged in a common course of conduct in contravention of the law
21  Plaintiff seeks to enforce individually and on behalf of the Class members. Similar or identical
22  legal violations, business practices, and injuries are involved. Individual questions, if any, pale by
23  comparison, in both quality and quantity, to the numerous common questions that dominate this
24  action. Moreover, the common questions will yield common answers.

25    45.    Typicality. Plaintiff's claims are typical of the claims of the Class members because
26  Defendant injured all Class members through the uniform misconduct described herein; all Class
27  members rented vehicles on a short-term basis from Defendant and paired their Devices with the
28  Rental Technology on those vehicles; and Plaintiff seeks the same relief as the Class members.

1    46.    Furthermore, there are no defenses available to Defendant that are unique to
2  Plaintiff.

3    47.    Adequacy of Representation. Plaintiff is a fair and adequate representative of the
4  Class because Plaintiff's interests do not conflict with the Class members' interests.

5    48.    Plaintiff will prosecute this action vigorously and is highly motivated to seek
6  redress against Defendant.

7    49.    Furthermore, Plaintiff has selected competent counsel that are experienced in class
8  action and other complex litigation.

9    50.    Plaintiff and his counsel are committed to prosecuting this action vigorously on
10  behalf of the Class and have the resources to do so.

11    51.    Injunctive or Declaratory Relief. Defendant has acted or refused to act on grounds
12  generally applicable to the Class, thereby making appropriate final injunctive relief or
13  corresponding declaratory relief with respect to the Class as a whole.

14    52.    . Superiority. The class action mechanism is superior to other available means for
15  the fair and efficient adjudication of this controversy for reasons including but not limited to the
16  following:

17        a.    The damages individual Class members suffered are small compared to the
                burden and expense of individual prosecution of the complex and extensive
18              litigation needed to address Defendant's conduct.

19        b.    Furthermore, it would be virtually impossible for the Class members
                individually to redress effectively the wrongs done to them. Even if Class
20              members themselves could afford such individual litigation, the court
                system could not. Individualized litigation would unnecessarily increase the
21              delay and expense to all parties and to the court system and presents a
                potential for inconsistent or contradictory rulings and judgments. By
22              contrast, the class action device presents far fewer management difficulties,
                allows the hearing of claims which might otherwise go unaddressed because
23              of the relative expense of bringing individual lawsuits, and provides the
                benefits of single adjudication, economies of scale, and comprehensive
24              supervision by a single court.

25        c.    The prosecution of separate actions by the individual members of the Class
                would create a risk of inconsistent or varying adjudications with respect to
26              individual Class members, which would establish incompatible standards
                of conduct for Defendant.

27
          d.    The prosecution of separate actions by individual Class members would
28              create a risk of adjudications with respect to them that would, as a practical

9

1    matter, be dispositive of the interests of other Class members not parties to
     the adjudications or that would substantively impair or impede their ability
2    to protect their interests.

3       53.    Notice. Plaintiff and Plaintiff's counsel anticipate that notice to the proposed Class

4   will be effectuated through recognized, Court-approved notice dissemination methods, which may

5   include United States mail, electronic mail, Internet postings, and/or published notice.

6                                    **CAUSES OF ACTION**

7                                  **FIRST CAUSE OF ACTION**

8              **Violation of Article I, Section 1, of the California Constitution**

9                                    **On Behalf of the Class**

10      54.    Plaintiff repeats each and every allegation contained in the paragraphs above and

11  incorporates such allegations by reference herein.

12      55.    Plaintiff brings this cause of action on behalf of the Class for violation of article I,

13  section 1, of the California Constitution.

14      56.    Article I, section 1, of the California Constitution states:

15      All people are by nature free and independent and have inalienable rights. Among
        these are enjoying and defending life and liberty, acquiring, possessing, and
16      protecting property, and pursuing and obtaining safety, happiness, and privacy.

17  CAL. CONST. art. I, § 1.

18      57.    The right of privacy set forth in article I, section 1, of the California Constitution

19  prevents business interests from stockpiling unnecessary information about California citizens.

20      58.    An "informational privacy" interest is an interest in precluding the dissemination

21  or misuse of sensitive and confidential information.

22      59.    Informational privacy is a core value furthered by the right of privacy set forth in

23  article I, section 1, of the California Constitution.

24      60.    Plaintiff and the Class members have a legally protected informational privacy

25  interest in the Private Data (including personal, confidential, and sensitive information) that the

26  Rental Technology collected and stored when Plaintiff and the Class members paired their Devices

27  with the Rental Technology.

28      61.    Plaintiff and the Class members reasonably expected that their Private Data

                                            10
                                 CLASS ACTION COMPLAINT

1  (including personal, confidential, and sensitive information) would be kept private after they had
2  returned their rental vehicles to Defendant.

3     62.    In engaging in the conduct set forth herein, Defendant has committed a serious
4  invasion of Plaintiff's and the Class members' privacy interests, including their informational
5  privacy interests. Defendant's conduct at issue, including but not limited to its failure to delete
6  Plaintiff's and the Class members' Private Data from the Rental Technology upon their return of
7  the rental vehicles to Defendant at the conclusion of the rental period, constitutes an egregious
8  breach of the social norms underlying Plaintiff's and the Class members' right to privacy.

9     63.    Defendant's Rental Technology gathered Plaintiff's and the Class members'
10  sensitive Private Data, and privacy safeguards for that Private Data are feasible, but Defendant's
11  implementation of those safeguards is slipshod or nonexistent. Defendant has not implemented a
12  policy of deleting consumers' Private Data from the Rental Technology upon the return of their
13  rental vehicles to Defendant at the conclusion of the rental period, even though it easily could do
14  so and it already has in place policies and procedures providing for routine maintenance (e.g.,
15  refueling, vacuuming, and washing) upon a consumer's return of a short-term rental vehicle at the
16  conclusion of the rental term.

17     64.    Furthermore, Defendant's business objectives can be readily accomplished by
18  alternative means having little or no impact on privacy interests. Since Defendant routinely
19  maintains rental vehicles (e.g., refueling, vacuuming, and washing), additionally deleting
20  consumers' Private Data by means of a factory reset during routine maintenance would impose
21  little or negligible cost on Defendant.

22     65.    By the acts, transactions, and courses of conduct alleged herein, Defendant has
23  violated Plaintiff's and the Class members' inalienable right to privacy.

24     66.    As a consequence, Plaintiff and the Class members were personally injured and
25  suffered emotional distress damages. Furthermore, Defendant has been unjustly enriched, in part
26  because it would be against equity and good conscience to allow Defendant to retain the monies it
27  obtained from Plaintiff and the Class members in connection with its violation of their privacy
28  rights as described herein.

1    67.    Plaintiff, on behalf of the Class members, seeks injunctive relief, damages

2  (including but not limited to consequential damages and out-of-pocket costs of identity theft

3  insurance and credit monitoring), equitable monetary relief, and reasonable attorney's fees and

4  costs.

5    68.    Therefore, Plaintiff prays for relief as set forth below.

6                    **SECOND CAUSE OF ACTION**

7          **Violation of California's Rental Passenger Vehicle Transactions Law,**

8                    **CAL. CIV. CODE § 1939.01 *et seq.***

9                    **On Behalf of the Class**

10    69.    Plaintiff repeats each and every allegation contained in the paragraphs above and

11  incorporates such allegations by reference herein.

12    70.    Plaintiff brings this cause of action on behalf of the Class for violation of

13  California's Rental Passenger Vehicle Transactions Law, CAL. CIV. CODE § 1939.01 *et seq.*

14    71.    Under the Rental Passenger Vehicle Transactions Law, "electronic surveillance

15  technology" means:

16          a technological method or system used to observe, monitor, or collect information,
             including telematics, Global Positioning System (GPS), wireless technology, or
17          location-based technologies. "Electronic surveillance technology" does not include
             event data recorders (EDR), sensing and diagnostic modules (SDM), or other
18          systems that are used either:

19              (1) For the purpose of identifying, diagnosing, or monitoring functions
                 related to the potential need to repair, service, or perform maintenance on
20              the rental vehicle.

21              (2) As part of the vehicle's airbag sensing and diagnostic system in order to
                 capture safety systems-related data for retrieval after a crash has occurred
22              or in the event that the collision sensors are activated to prepare the
                 decisionmaking computer to make the determination to deploy or not to
23              deploy the airbag.

24  CAL. CIV. CODE § 1939.01(h).

25    72.    The Rental Technology, as described above, is electronic surveillance technology

26  under the Rental Passenger Vehicle Transactions Law because it is a technological method or

27  system used to observe, monitor, or collect information, including but not limited to GPS.

28

                              12

1    73.    Pursuant to the Rental Passenger Vehicle Transactions Law:

2    A rental company shall not use, access, or obtain any information relating to the
     renter's use of the rental vehicle that was obtained using electronic surveillance
3    technology, except in the following circumstances:

4        (1)(A) When the equipment is used by the rental company only for the
         purpose of locating a stolen, abandoned, or missing rental vehicle after one
5        of the following:

6            (i) The renter or law enforcement has informed the rental company
             that the vehicle is missing or has been stolen or abandoned . . . [and
7            in certain other identified circumstances] . . . [or]

8            (2) In response to a specific request from law enforcement pursuant to a
             subpoena or search warrant.
9

10   CAL. CIV. CODE § 1939.23.

11       74.    As detailed above, in violation of section 1939.23 of the Rental Passenger Vehicle

12   Transactions Law, Defendant has obtained information relating to Plaintiff's and the Class

13   members' use of its rental vehicles (i.e., Private Data) that was obtained using electronic

14   surveillance technology (i.e., the Rental Technology).

15       75.    Pursuant to section 1939.29 of the Rental Passenger Vehicle Transactions Law, "[a]

16   waiver of any of the provisions of [the Rental Passenger Vehicle Transactions Law], except for

17   Sections 1939.21, 1939.35, and 1939.37, shall be void and unenforceable as contrary to public

18   policy." CAL. CIV. CODE § 1939.29.

19       76.    Pursuant to section 1939.29, any terms and conditions or other provisions under

20   which Defendant could be said to have attempted to waive section 1939.23 are void and

21   unenforceable as contrary to public policy.

22       77.    As a consequence of Defendant's violation of section 1939.23, Plaintiff and the

23   Class members were personally injured and suffered emotional distress damages. Furthermore,

24   Defendant has been unjustly enriched, in part because it would be against equity and good

25   conscience to allow Defendant to retain the monies it obtained from Plaintiff and the Class

26   members in connection with its violation of section 1939.23 as described herein.

27       78.    Pursuant to section 1939.25 of the Rental Passenger Vehicle Transactions Law:

28   A renter may bring an action against a rental company for the recovery of damages

13

CLASS ACTION COMPLAINT

1    and appropriate equitable relief for a violation of this chapter, except for Sections
2    1939.21, 1939.35, and 1939.37. The prevailing party shall be entitled to recover
     reasonable attorney's fees and costs.

3    CAL. CIV. CODE § 1939.25.

4         79.    Plaintiff, on behalf of the Class members, brings this cause of action pursuant to

5    1939.25, seeking injunctive relief, damages (including but not limited to consequential damages

6    and out-of-pocket costs of identity theft insurance and credit monitoring), equitable monetary

7    relief, and reasonable attorney's fees and costs.

8         80.    Therefore, Plaintiff prays for relief as set forth below.

9                                **PRAYER FOR RELIEF**

10        WHEREFORE, Plaintiff, individually and on behalf of the members of the Class,

11   respectfully requests the Court to enter an Order:

12        A.     certifying the proposed Class under section 382 of the California Code of Civil

13   Procedure, as set forth above;

14        B.     declaring that Defendant is financially responsible for notifying the Class members

15   of the pendency of this suit;

16        C.     declaring that Defendant has committed the violations of law alleged herein;

17        D.     providing for any and all injunctive relief the Court deems appropriate;

18        E.     awarding monetary damages, including but not limited to any compensatory,

19   incidental, or consequential damages in an amount that the Court or jury will determine, in

20   accordance with applicable law;

21        F.     providing for any and all equitable monetary relief the Court deems appropriate;

22        G.     awarding Plaintiff reasonable costs and expenses of suit, including attorneys' fees;

23        H.     awarding pre- and post-judgment interest to the extent the law allows; and

24        I.     providing such further relief as this Court may deem just and proper.

25                               **DEMAND FOR JURY TRIAL**

26        Plaintiff hereby demands a trial by jury.

27

28

                                          **14**
                                 CLASS ACTION COMPLAINT

1  | Date: January 3, 2019

Respectfully submitted,

2

**REESE LLP**

3

By: _____

4

Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*

5

George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*

6

100 West 93rd Street, 16th Floor
New York, New York 10025

7

Telephone: (212) 643-0500
Facsimile: (212) 253-4272

8

**RICE REUTHER SULLIVAN &**

9

**CARROLL, LLP**
David A. Carroll (*pro hac vice* forthcoming)

10

*dcarroll@rrsc-law.com*
Anthony J. DiRaimondo (*pro hac vice*

11

forthcoming)
*adiraimondo@rrsc-law.com*

12

Robert E. Opdyke (*pro hac vice* forthcoming)
*ropdyke@rrsc-law.com*

13

3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169

14

Telephone: (702) 732-9099
Facsimile: (702) 732-7110

15

*Counsel for Plaintiff Steve Kramer*

16

*and the Proposed Class*

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CASE NUMBER: CGC-19-572530  STEVE KRAMER VS. ENTERPRISE HOLDINGS, INC.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **JUN-05-2019**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to Judge pro tem.**